## Miller v. Perrige (No. 2)

*James E. Beasley,* of *Beasley, Hewson, Casey, Kraft & Colleran,* for plaintiffs.

*Carl Rice* and *James K. Thomas, II,* of *Metzer, Hafer, Keefer, Thomas & Wood,* for defendant.

MOSER, *J.,* December 29, 1975—On November 30, 1970, George Miller and Rosaire Miller, husband and wife, as plaintiffs, filed their complaint in trespass in this court against William Perrige, M.D., as defendant. In substance, the complaint alleges that as a physician, defendant treated the wife-plaintiff in such a negligent and careless manner as to cause injuries to the wife-plaintiff for which plaintiffs seek damages.

Subsequently, the attorneys for defendant notified plaintiffs to make written answers under oath to the 60 written interrogatories made part of the notice, within 20 days after service of the notice on plaintiffs. Thereafter, the wife-plaintiff made responsive answers under oath to all the interrogatories except those numbered 32, 33 and 39 through 54, inclusive, to which she objected in the following language:

"Objected to as violative of Pennsylvania Rules of Civil Procedure."

On petition of defendant, plaintiff was directed to show cause why an order requiring plaintiffs to answer to interrogatories numbered 32, 33, and 39 through 54, inclusive, should not be entered against them. Following appropriate pleadings and arguments thereon, this court entered an order refusing the objection by plaintiffs to interrogatories numbered 32, 33, and 39 through 54, inclusive, and granted leave to plaintiffs to file appropriate objections consistent with the opinion of the Court, or answer the interrogatories as propounded. Plaintiffs have now filed appropriate objections consistent with that opinion of the court, which are before the court for disposition.

Two bases for objection are raised in every instance: Subsections(d) and (f) of Pa. R.C.P. 4011. The former prohibits the discovery of information secured by one in anticipation of litigation or preparation for trial, whereas the latter protects the opinions of experts.

By brief, defendant admitted interrogatories 32 and 33 were improper, and withdrew them. As to 39 through 54, defendant argues they are merely seeking the factual basis of the allegations of negligence in paragraph 5 of the complaint, and plaintiffs should answer them not only based on their personal knowledge but by any information plaintiffs have received, since their answers were verified as "true and correct to the best of her knowledge, information, and belief," and such is required by Pa. R.C.P. 1024. Defendant seeks avoidance of the expert witness rule by asking these questions not of plaintiffs' experts, but of plaintiff as to what knowledge or information she has received from her experts. The fallacies and weakness of defendant's

arguments are apparent on their face. The verification requirements are inapposite, and the expert witness rule cannot be circumvented in this fashion if it is to have any validity.

Much of the discussion in the briefs refers to cases in which interrogatories or deposition questions were propounded to a defendant-doctor, who sought refuge behind the expert witness rule: Borish v. Beck, 43 D. & C. 2d 172 (1967); Tejchman v. Wagner, 42 D. & C. 2d 383 (1967); Swotes v. Rechtman, 46 D. & C. 2d 283 (1969). More directly on point to this case are several cases dealing with interrogatories addressed to the plaintiff: Glenn v. Holy Redeemer Hospital, No. 72-00051, Montgomery County, May 30, 1973; Luken v. Entine, 65 D. & C. 2d 100 (1974); Ruddy v. Pa. Gas & Water Co., 36 D. & C. 2d 705 (1965); Edney v. Sharon General Hospital, 54 D. & C. 2d 504 (1972).

In Glenn v. Holy Redeemer Hospital, supra, the court aptly holds that:

"Accepting the agreed fact that the plaintiff, Eleanor A. Glenn, is a lay person and mother of the minor plaintiff, Alfred Delio, Jr., answers to such questions (the contentions of negligence of the complaint) by her would be pure hearsay and necessarily invade the field of medical opinion and expertise which is prohibited by Rule 4011(f) of the Pennsylvania Rules of Civil Procedure."

Similarly, in Luken and Ruddy, supra, plaintiffs in malpractice actions were not required to answer interrogatories seeking technical medical information that would be almost exclusively within the knowledge of their expert witnesses. Instead, they need only indicate their own lack of requisite knowledge.

Rule 4011(f) appears to be controlling. The rule's purpose was explained by Amram and Schulman in

33 Pa. Bar Asso. Quarterly 505, 510-11 (1962), to prevent an expert witness of one party from being called or used as the adverse party's expert without the witness' consent and prior arrangement as to compensation, thereby approximating the expert-witness rule at trial set forth in Evans v. Otis Elevator Co., 403 Pa. 13, 168 A.2d 573 (1961).

## ORDER

And now, December 29, 1975, interrogatories 32 and 33 having been withdrawn by defendant, they are removed from the consideration of the court and need not be answered by plaintiffs; and plaintiffs' objections to interrogatories 39 through 54, inclusive, are sustained by the court for the reason mentioned in the foregoing opinion and need not be answered by plaintiffs.